Andrew D. Campbell, OSB #022647
Email: andrew@heltzel.com
Heltzel Williams PC
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
        Attorney for Defendant Walsh

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Y.G., a minor child, by and through his Next Friend, STEVEN J. RUSSELL,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE STATE OF OREGON, by and through its DEPARTMENT OF HUMAN SERVICES; MARK WALSH, an individual; KATE GUY, an individual, STACEY DAESCHNER, an individual; DOES I, II and III, as individuals; AND, FARIBORZ PAKSERESHT, in his official capacity as the Director of DHS,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:19-cv-01870-AC

**MARK WALSH'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW DEFENDANT MARK WALSH, and in response to Plaintiff's

Complaint, hereby admits, denies and alleges as follows:

1.

Paragraph 1 is ADMITTED.

2.

Walsh has insufficient information to admit or deny paragraph 2 and therefore DENIES the same.

3.

Paragraph 3 is ADMITTED.

4.

Walsh has insufficient information to admit or deny paragraph 4 and therefore DENIES the same.

5.

Walsh ADMITS that he managed the DHS Child Welfare office in Polk County, Oregon and further ADMITS that his employment with DHS has come to an end. Walsh has insufficient information to admit or deny the balance of allegations and therefore DENIES them.

6.

Walsh ADMITS paragraph 6.

7.

Paragraph 7 is admitted in part and denied in part as follows: Walsh ADMITS that Y.G. was brought to the United States for an adoption that was ultimately unsuccessful. Walsh has insufficient information to admit or deny the balance of allegations and therefore DENIES them.

8.

Paragraph 8 is ADMITTED.

9.

Paragraph 9 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

10.

Paragraph 10 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

11.

Paragraph 11 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

12.

Paragraph 12 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

13.

Paragraph 13 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

14.

Paragraph 14 is DENIED.

15.

Walsh has insufficient information to admit or deny paragraph 15 and therefore DENIES the same.

////

////

16.

Walsh has insufficient information to admit or deny paragraph 16 and therefore DENIES the same.

17.

Paragraph 17 is DENIED.

18.

Paragraph 18 is admitted in part and denied in part as follows: Walsh ADMITS that on November 21, 2018 he was forced to arrange hotel accommodations for Y.G. pursuant to DHS's rules and practice, Walsh DENIES the balance of allegations.

19.

Paragraph 19 is DENIED.

20.

Paragraph 20 is admitted in part and denied in part as follows: Walsh ADMITS that Y.G. was confined in the Yamhill County Juvenile Detention Facility but on information and belief states that it was because Y.G. beat his foster family's dog–a defenseless family pet–with a flashlight so badly that the animal needed stitches, the balance of the allegations are DENIED.

21.

Paragraph 21 is admitted in part and denied in part as follows: Walsh ADMITS the allegations in paragraph 21 but has insufficient knowledge regarding whether Oregon paid Red Rock over one million dollars and on that basis DENIES that allegation.

////

22.

Walsh has insufficient knowledge to admit or deny paragraph 22 and on that basis DENIES the same.

23.

Walsh has insufficient knowledge to admit or deny paragraph 23 and on that basis DENIES the same.

24.

Walsh has insufficient knowledge to admit or deny paragraph 24 and on that basis DENIES the same.

25.

Walsh has insufficient knowledge to admit or deny paragraph 25 and on that basis DENIES the same.

26.

Walsh has insufficient knowledge to admit or deny paragraph 26 and on that basis DENIES the same.

27.

Walsh has insufficient knowledge to admit or deny paragraph 27 and on that basis DENIES the same.

28.

Paragraph 28 is DENIED.

////

////

29.

Walsh ADMITS that correspondence sent on behalf of Y.G. titled "tort claim notice" was provided to Oregon on or about March 22, 2019, the balance of allegations are DENIED.

30.

Paragraph 30 is admitted and denied as set forth above.

31.

Paragraph 31 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

32.

Paragraph 32 is DENIED.

33.

Paragraph 33 is DENIED.

34.

Paragraph 34 is DENIED.

35.

Paragraph 35 is admitted and denied as set forth above.

36.

Paragraph 36 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

37.

Paragraph 37 is DENIED.

38.

Paragraph 38 is DENIED.

39.

Paragraph 39 is DENIED.

40.

Paragraph 40 is admitted and denied as set forth above.

41.

Paragraph 41 contains legal conclusions that do not call for an admission or denial, to the extent that any factual allegations are present, they are DENIED.

42.

Paragraph 42 is DENIED.

43.

Paragraph 43 is DENIED.

44.

Paragraph 44 is DENIED.

45.

Paragraph 45 is admitted and denied as set forth above.

46.

Paragraph 46 is ADMITTED.

47.

Paragraph 47 is DENIED.

////

48.

Paragraph 48 is DENIED.

49.

Paragraph 49 is DENIED.

50.

Paragraphs 50 through 67 do not state allegations against Walsh and do not call for an admission or denial from him.

51.

Unless expressly and specifically admitted to above, Walsh DENIES each and every allegation of the Complaint.

WHEREFORE, having answered all allegations in the Complaint, for his affirmative defenses, Walsh hereby states and alleges:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

52.

Some or all of Y.G.'s allegations fail to state a plausible claim for relief against Walsh.

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

53.

To the extent that any action complained of herein violated a right of Plaintiff, under the circumstances presented, no reasonable public official could have understood

that the conduct represented a violation of Plaintiff's constitutionally protected rights.

Mark Walsh is therefore entitled to qualified good faith immunity from 42 U.S.C. § 1983

claims.

## THIRD AFFIRMATIVE DEFENSE

### (Issue Preclusion)

54.

On or about February 27, 2018, the State of Oregon resolved *A.R., et al. v. State of Oregon et al.,* U.S. District Court for the District of Oregon, docket number 3:16-cv-01895:YY (hereafter "*A.R. v. Oregon.*")

55.

*A.R. v. Oregon* was brought by two minor foster children by a guardian *ad litem* who sought and obtained relief for "all foster children" in Oregon.  Y.G. was a foster child in the Oregon foster care system in 2018.

56.

The Settlement Agreement in *A.R. v. Oregon* contains provisions about the practice of placing foster children in hotels, a practice called "temporary lodging" in that document.

57.

At all relevant times Defendant-Walsh complied with the terms of the Settlement Agreement relating to "temporary lodging."

////

////

9 −MARK WALSH'S ANSWER AND AFFIRMATIVE DEFENSES
3/20/2020/ADC:mom/W:\clients\WA18556\001\00521305.DOCX

58.

The provisions of the *A.R. v. Oregon* Settlement Agreement, including provisions relating to "temporary lodging," are "independently enforceable by the parties and all Oregon foster children and young adults."

59.

The *A.R. v. Oregon* Settlement Agreement contains various mandatory dispute resolution terms, the ability seek authority from The Hon. Michael McShane to obtain documents from DHS to surveil compliance, the requirement of written notice of alleged violations, 30-day cure opportunity, among other things.

60.

The *A.R. v. Oregon* Settlement Agreement appoints Judge McShane as the final arbiter of any disputes or violations of that document.

61.

To the extent that Plaintiff alleges Walsh violated the *A.R. v. Oregon* Settlement Agreement, Plaintiff failed to comply with the mandatory dispute resolution and enforcement provisions of that document.

**RESERVATION OF RIGHTS**

62.

Mark Walsh reserves the right to plead additional affirmative defenses consistent with FRCP 8C and 12 constituting an avoidance or affirmative defense as the same may be revealed or under disclosure/discovery proceeding in this matter.

WHEREFORE, having fully Answered Plaintiff's Complaint, Defendant prays for

judgment in his favor, dismissing all of Plaintiff's claims with prejudice, awarding

Defendant his costs, fees, and attorney fees incurred herein pursuant to 42 U.S.C. § 1988.

Dated this 20th day of March, 2020.

HELTZEL WILLIAMS PC


s/Andrew D. Campbell
Andrew D. Campbell, OSB #022647
Attorney for Defendant Walsh
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
Email: Andrew@heltzel.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **MARK WALSH'S ANSWER AND AFFIRMATIVE DEFENSES** on:

David L. Kramer
David L. Kramer PC
3265 Liberty Rd S
Salem, OR 97302
Email: david@kramerlaw.us
    Attorney for Plaintiff

James S. Smith
Department of Justice, Trial Division
100 SW Market Street
Portland, OR 97201
Email: james.s.smith@doj.state.or.us
    Attorney for Defendant State of
    Oregon, Department of Human
    Services; Daeschner; Pakseresht; Does;

James C. Edmonds
960 Liberty Street SE, Suite 110
Salem, OR 97302
Email:
jedmonds@fetherstonedmonds.com
    Attorney for Kate Guy

☐ By mailing to said attorney(s) a full and correct copy therefor, contained in a sealed envelope, with postage paid, addressed to said attorney(s) as stated above and deposited in the United States Post Office at Salem, Oregon.

☐ By hand delivering to said attorney(s) a true copy thereof.

☑ By emailing to said attorney(s) at their above listed email address(es) a true copy thereof.

☑ By electronic filing with the District Court's CM/ECF system.  The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with Fed. R. Civ. P. 5(d).

Dated this 20th day of March, 2020.

HELTZEL WILLIAMS PC


s/Andrew D. Campbell
Andrew D. Campbell, OSB #022647
Attorney for Defendant Walsh
Email: Andrew@heltzel.com