James C. Edmonds, OSB No. 861842
E-mail jedmonds@fe-attorneys.com
Ashley L. Brown, OSB No. 162082
E-mail abrown@fe-attorneys.com
FETHERSTON EDMONDS, LLP
960 Liberty Street SE, Ste. 110
Salem, OR 97302
Ph: 503-581-1542
Fx: 503-585-3978
        Attorneys for Defendant Guy

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Y.G., a minor child, by and through his Next Friend, STEVEN J. RUSSELL,<br><br>                        Plaintiff,<br><br>     vs.<br><br>THE STATE OF OREGON, by and through its DEPARTMENT OF HUMAN SERVICES; MARK WALSH, an individual; KATE GUY, an individual, STACEY DAESCHNER, an individual; DOES I, II, and III, as individuals, and FARIBORZ PAKSERESHT, in his official capacity as the Director of DHS,<br><br>                        Defendants. | Civil No. 3:19-cv-01870-AC<br><br><br>DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT |

For an Answer to Plaintiff's Complaint, Defendant Kate Guy (hereinafter "Guy"), by and

through her attorneys, James C. Edmonds and Ashley L. Brown of Fetherston Edmonds, LLP,

allege as follows:

/ / / /

/ / / /

Page 1 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

1.

To the extent that Defendant Guy is aware, Defendant Guy admits Plaintiff has correctly identified the statutes for which Plaintiff is pursing these claims.

2.

Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 2, however, based upon information and belief, Defendant Guy believes that Plaintiff was a foster child in the care of DHS, but otherwise denies all remaining allegations.

3.

The allegations contained in Paragraph 3 relate to other parties to which no response is required by Defendant Guy. To the extent the allegations in Paragraph 3 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny and therefore denies the same.

4.

The allegations contained in Paragraph 4 contain allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations in Paragraph 4 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny and therefore denies the same.

5.

Defendant Guy admits she was an employee of DHS and is no longer employed with DHS. Defendant Guy denies the remaining allegations. Paragraph 5 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent those allegations in Paragraph 5 are also directed at Defendant Guy, Defendant Guy denies the same.

Page 2 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

6.

Defendant Guy admits she was an employee of DHS and acting in the course and scope of her employment. The remaining allegations contained in Paragraph 6 relate to other parties to which no response is required by Defendant Guy. To the extent those allegations in Paragraph 6 are also directed at Defendant Guy, Defendant Guy denies the same.

7.

Paragraph 7 is directed at all "Defendants," making it unclear as to which Defendant knew or should have known the information alleged. Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 7, including Paragraphs 7a) through 7f) and therefore denies the same.

8.

Paragraph 8 is directed at all "Defendants," making it unclear as to which Defendant "had a special relationship with Plaintiff" and "certain duties" to Plaintiff. Defendant Guy denies the allegations in Paragraph 8.

9.

Paragraph 9 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. Paragraph 9 also appears to be directed at Defendant DHS to which no response is required from Defendant Guy. To the extent Paragraph 9 contains allegations of fact directed at Defendant Guy requiring a response, Defendant Guy denies all allegations.

10.

Paragraph 10 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. Paragraph 10 also appears to be directed at Defendant DHS to which no

Page 3 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

response is required from Defendant Guy. To the extent Paragraph 10 contains allegations of fact directed at Defendant Guy requiring a response, Defendant Guy denies all allegations.

11.

Paragraph 11 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. Paragraph 11 also appears to be directed at Defendant DHS to which no response is required from Defendant Guy. To the extent Paragraph 11 contains allegations of fact directed at Defendant Guy requiring a response, Defendant Guy denies all allegations.

12.

Paragraph 12 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. Paragraph 12 also appears to be directed at Defendant DHS to which no response is required from Defendant Guy. To the extent, Paragraph 12 contains allegations of fact directed at Defendant Guy requiring a response, Defendant Guy denies all allegations.

13.

Paragraph 13 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. Paragraph 13 also appears to be directed at Defendant DHS to which no response is required from Defendant Guy. To the extent Paragraph 13 contains allegations of fact directed at Defendant Guy requiring a response, Defendant Guy denies all allegations.

14.

Defendant Guy denies the allegations in Paragraph 14.

15.

The allegations contained in Paragraph 15 contain allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations in Paragraph 15 are

Page 4 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny and therefore denies the same.

16.

The allegations contained in Paragraph 16 contain allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations in Paragraph 16 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny and therefore denies the same.

17.

Defendant Guy denies the allegations in Paragraph 17. Paragraph 17 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent those allegations in Paragraph 17 are also directed at Defendant Guy, Defendant Guy denies the same.

18.

Paragraph 18 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations contained in Paragraph 18 are directed at Defendant Guy, Defendant Guy denies the same.

19.

Defendant Guy denies the allegations in Paragraph 19.

20.

Paragraph 20 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations contained in Paragraph 20 relate to Defendant Guy, Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 20 and therefore denies the same.

Page 5 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

21.

Paragraph 21 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations contained in Paragraph 21 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 21 and therefore denies the same.

22.

Paragraph 22 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent, the allegations contained in Paragraph 22 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 22 and therefore denies the same.

23.

Paragraph 23 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations contained in Paragraph 23 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 23 and therefore denies the same.

24.

Paragraph 24 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations contained in Paragraph 24 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 24, including Paragraphs 24a) through 24j) and therefore denies the same.

25.

Paragraph 25 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations contained in Paragraph 25 are directed at

Page 6 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Guy, Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 25 and therefore denies the same.

26.

Paragraph 26 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations contained in Paragraph 26 are directed at Defendant Guy, Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 26 and therefore denies the same.

27.

Paragraph 27 contains allegations relating to other parties to which no response is required by Defendant Guy.  To the extent the allegations in Paragraph 27 are directed at Defendant Guy, Defendant Guy denies those allegations.

28.

Paragraph 28 contains Plaintiff's claim for relief for which no response is required. To the extent Paragraph 28 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

29.

Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 29 and therefore denies the same.

30.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

Page 7 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

31.

Paragraph 31 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. To the extent Paragraph 31 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

32.

Defendant Guy denies the allegations in Paragraph 32.

33.

Defendant Guy denies the allegations in Paragraph 33.

34.

Paragraph 34 contains Plaintiff's claim for relief for which no response is required. To the extent, a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

35.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

36.

Paragraph 36 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. To the extent, Paragraph 36 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

37.

Paragraph 37 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent Paragraph 37 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

Page 8 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

38.

Paragraph 38 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent Paragraph 38 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

39.

Paragraph 39 contains Plaintiff's claim for relief for which no response is required. To the extent a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

40.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

41.

Paragraph 41 sets forth Plaintiff's statement of the case and legal conclusions to which no response is required. To the extent Paragraph 41 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

42.

Paragraph 42 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent Paragraph 42 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

43.

Paragraph 43 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent Paragraph 43 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

Page 9 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

44.

Paragraph 44 contains Plaintiff's claim for relief for which no response is required. To the extent a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

45.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

46.

Defendant Guy lacks sufficient information to admit or deny the allegations in Paragraph 46.

47.

Paragraph 47 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations related to other parties in Paragraph 47 require a response, Defendant Guy denies all allegations.

48.

Paragraph 48 is directed at all "Defendants," making it unclear as to which Defendants' "conduct" Plaintiff is referring. Paragraph 48 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent, Paragraph 48 contains allegations of fact requiring a response, Defendant Guy denies all allegations.

49.

Paragraph 49 is directed at all "Defendants," making it unclear as to which Defendants "caused" the damages alleged. Paragraph 49 also contains Plaintiff's claim for relief for which no

Page 10 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR  97308-2206
(503) 581-1542  Fax (503) 585-3978

response is required. To the extent, a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

50.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

51.

Paragraph 51 contains Plaintiff's claim for relief for which no response is required. To the extent a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

52.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

53.

Defendant Guy lacks sufficient information to admit or deny the allegations contained in Paragraph 53 and therefore denies the same.

54.

Paragraph 54 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations related to other parties in Paragraph 47 require a response, Defendant Guy denies all allegations.

55.

Paragraph 55 contains Plaintiff's claim for relief for which no response is required. To the extent a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

Page 11 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

56.

Defendant Guy lacks sufficient information to admit or deny the allegations contained in Paragraph 56 and therefore denies the same.

57.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

58.

Defendant Guy denies the allegations contained in Paragraph 58.

59.

Paragraph 59 is directed at all "Defendants," making it unclear as to what actions each Defendant engaged in that is referenced in the allegation. Paragraph 59 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations related to other parties in Paragraph 59 require a response, Defendant Guy denies all allegations.

60.

Paragraph 60 is directed at all "Defendants," making it unclear as to which Defendant "caused" the damages alleged. Paragraph 60 contains Plaintiff's claim for relief for which no response is required. Paragraph 60 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations related to other parties in Paragraph 60 require a response, Defendant Guy denies all allegations.

Page 12 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

61.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

62.

Paragraph 62 contains Plaintiff's statement of the case and legal conclusions for which no response is required. Paragraph 62 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations related to other parties in Paragraph 47 require a response, Defendant Guy denies all allegations.

63.

Paragraph 63 is directed at all "Defendants," making it unclear as to which Defendant "violated some or all of the duties" alleged. Paragraph 63 also contains claims related to other parties to which no response is required from Defendant Guy. To the extent, Paragraph 63 contains allegations of fact directed at Defendant Guy, Defendant Guy denies all allegations.

64.

Paragraph 64 is directed at all "Defendants," making it unclear as to which Defendant "caused" the damages alleged. Paragraph 64 contains Plaintiff's claim for relief for which no response is required. Paragraph 64 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent, a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

/ / / /

/ / / /

Page 13 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

65.

Defendant Guy incorporates by this reference all responses to all allegations set forth above.

66.

Paragraph 66 contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent the allegations related to other parties in Paragraph 47 require a response, Defendant Guy denies all allegations.

67.

Paragraph 67 contains Plaintiff's claim for relief for which no response is required. Paragraph 67 also contains allegations relating to other parties to which no response is required by Defendant Guy. To the extent, a responsive pleading is required, Defendant Guy denies that Plaintiff is entitled to the relief sought.

68.

Except as otherwise specifically admitted herein, Defendant Guy denies each and every allegation in Plaintiff's Complaint.

FOR SEPARATE ANSWER IN THE FORM OF AFFIRMATIVE DEFENSES, Defendant Guy alleges as follows:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

69.

Plaintiff's Complaint and each claim or count for relief against Defendant Guy therein fails to state sufficient facts to constitute a claim for relief against defendants.

Page 14 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Exemplary Relief)

70.

Plaintiff's Complaint and each claim or count for relief against Defendant Guy therein

fails to state sufficient facts to constitute a claim for exemplary damages.

## THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

71.

To the extent that any action complained of herein violated a right of Plaintiff, under the

circumstances presented, no reasonable public official could have understood that the conduct

represented a violation of Plaintiff's constitutionally protected rights.  Defendant Guy is therefore

entitled to qualified good faith immunity from 42 U.S.C. § 1983 claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Issue Preclusion)

72.

On or about February 27, 2018, the State of Oregon resolved *A.R., et al. v. State of Oregon

et al.,* U.S. District Court for the District of Oregon, docket number 3:16-cv-01895:YY (hereafter

"*A.R. v. Oregon.*")

73.

*A.R. v. Oregon* was brought by two minor foster children by a guardian ad litem who sought

and obtained relief for "all foster children" in Oregon.  Y.G. was a foster child in the Oregon foster

care system in 2018.

Page 15 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

74.

The Settlement Agreement in *A.R. v. Oregon* contains provisions about the practice of placing foster children in hotels, a practice called "temporary lodging" in that document.

75.

At all relevant times, Defendant Guy complied with the terms of the Settlement Agreement relating to "temporary lodging."

76.

The provisions of the *A.R. v. Oregon* Settlement Agreement, including provisions relating to "temporary lodging," are "independently enforceable by the parties and all Oregon foster children and young adults."

77.

The *A.R. v. Oregon* Settlement Agreement contains various mandatory dispute resolution terms, the ability seek authority from The Hon. Michael McShane to obtain documents from DHS to surveil compliance, the requirement of written notice of alleged violations, 30-day cure opportunity, among other things.

78.

The *A.R. v. Oregon* Settlement Agreement appoints Judge McShane as the final arbiter of any disputes or violations of that document.

79.

Plaintiff failed to comply with the dispute resolution and enforcement provisions of the *A.R. v. Oregon* Settlement Agreement.

Page 16 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

80.

Plaintiff's failure to comply with the dispute resolution and enforcement provisions of the

*A.R. v. Oregon* may be subject to one or more of the following defenses:

a)      Failure to give proper notice of violation of the *A.R. v. Oregon* Settlement

Agreement;

b)      Failure to allow Defendant-Guy an opportunity to respond to the alleged violations

pursuant to the *A.R. v. Oregon* Settlement Agreement;

c)      Failure to allow Defendant Guy to cure the alleged noncompliance with the *A.R. v.*

*Oregon* Settlement Agreement provisions;

d)      Failure to pursue adequate remedies outlined in the *A.R. v. Oregon* Settlement

Agreement;

e)      Failure to Mitigate based upon the *A.R. v. Oregon* Settlement Agreement;

f)      Release and/or Waiver of claims asserted herein based upon the *A.R. v. Oregon*

Settlement Agreement; and

g)      Other such remedies may have been available subject to Plaintiff's conforming to

the *A.R. v. Oregon* Settlement Agreement.

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Comparative Negligence)**

81.

Any damages alleged by Plaintiff were caused by himself and/or other parties.

/ / / /

/ / / /

Page 17 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Declaratory Judgment)

82.

Plaintiff is unable to meet the legal requirements for the entry of declaratory and injunctive relief and this Complaint should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Tort Claim Notice)

83.

Some or all of the claims are barred for failure to provide written, timely notice of tort claim, as required by ORS 30.275.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

84.

Plaintiff's factual allegations and claims are subject to the doctrine of estoppel.

## NINETH AFFIRMATIVE DEFENSE

### (Waiver)

85.

Plaintiff's factual allegations and claims are subject to the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees)

86.

Plaintiff's Complaint is frivolous and unreasonable and without foundation, and Defendant Guy is entitled to reasonable attorneys' fees incurred in defending this matter. Further, to the extent

Page 18 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

that Plaintiff's statutory claims permit recovery of attorneys' fees, Defendant Guy is also entitled to recover attorneys' fees under those statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

87.

Defendant Guy reserves the right to allege additional affirmative defenses and to add counterclaims should they become apparent during discovery.

WHEREFORE, Defendant Guy prays for judgement as follows:

1.    That Plaintiff's claims be dismissed with prejudice;

2.    That judgment be entered in favor of Defendant Guy on all of Plaintiff's claims and that Plaintiff recover nothing;

3.    That Defendant Guy be awarded her damages resulting from Plaintiff's claims;

4.    That Defendant Guy be awarded her reasonable attorneys' fees and reasonable expert witness fees;

5.    That Defendant Guy be awarded her costs, disbursements, and expenses; and

6.    That Defendant Guy be awarded such other relief as the Court may deem just and equitable.

Dated this __20th__ day of March, 2020.

FETHERSTON EDMONDS, LLP


/s/ James C. Edmonds
James C. Edmonds, OSB No. 861842
Ashley L. Brown, OSB No. 162082
Attorneys for Defendant Guy

Page 19 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT

CERTIFICATE OF SERVICE

I certify that on the date stated below, I served the above and foregoing document upon the

parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| David L. Kramer<br>David L. Kramer, P.C.<br>3265 Liberty Road S.<br>Salem, OR 97302<br>david@kramerlaw.us<br>**Attorney for Plaintiff** | ___ Hand delivery<br>___ Mail delivery<br>___ Overnight delivery<br>_X_ Email<br>_X_ E-served at the party's e-mail address as<br>    currently recorded in the e-Filing system<br>___ |
| James S. Smith, AAG<br>State of Oregon, DOJ Trial Division, Civil<br>Litigation Section<br>100 SW Market St<br>Portland, OR 97201<br>James.s.smith@doj.state.or.us<br>**Attorney for Defendants State of**<br>**Oregon, Department of Human**<br>**Services, Stacey Daeschner, and**<br>**Fairborz Pakseresht** | ___ Hand delivery<br>___ Mail delivery<br>___ Overnight delivery<br>_X_ Email<br>    E-served at the party's e-mail address as<br>_X_ currently recorded in the e-Filing system |
| Andrew D. Campbell<br>Heltzel Williams PC<br>P.O. Box 1048<br>Salem OR 97308-1048<br>andrew@heltzel.com<br>**Attorney for Defendant Mark**<br>**Walsh** | ___ Hand delivery<br>___ Mail delivery<br>___ Overnight delivery<br>_X_ Email<br>_X_ E-served at the party's e-mail address as<br>    currently recorded in the e-Filing system<br>___ |

DATED this __20th__ day of March, 2020.


By:     _/s/ Marcia R. Smith_____
       Marcia R. Smith, assistant to
       James C. Edmonds, OSB #861842
       jedmonds@fetherstonedmonds.com
       Attorneys for Defendant Guy


Page 20 – DEFENDANT GUY'S ANSWER TO PLAINTIFF'S COMPLAINT