ELLEN F. ROSENBLUM
Attorney General
JAMES S. SMITH  #840932
Senior Assistant Attorney General
AARON D. KELLEY  #210615
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  James.S.Smith@doj.oregon.gov
            aaron.kelley@doj.oregon.gov

Attorneys for Defendants State of Oregon, Daeschner, and Pakseresht

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Yanko Gratreak,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE OF OREGON, by and through its DEPARTMENT OF HUMAN SERVICES; MARK WALSH, an individual; KATE GUY, an individual; STACEY DAESCHNER, an individual; DOES I, II and III, as individuals; and, FARIBORZ PAKSERESHT, in his official capacity as the Director of DHS,<br><br>　　　　　Defendants. | Case No.  3:19-cv-01870-AR<br><br>STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT |

Page 1 -　STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR
　　　　　PARTIAL SUMMARY JUDGMENT
　　　　　　JSS/sm5/

1. Overview

The state defendants contend defendant Daeschner is entitled to judgment because there are no facts indicating that she was personally responsible for the alleged discrimination against plaintiff based upon his national origin. In a response reminiscent of a common law negligence argument, plaintiff contends that as a manager, Daeschner is tarred with every act of the State of Oregon. Rather than detail facts that demonstrate Daeschner's individual responsibility, plaintiff's Response catalogs all the "bad" things the state did, then argues that since she was in authority with the state, a civil rights claim against Daeschner is established.

On the Vulnerable Person Act claim, the plaintiff's Response does not meet the substance of the state's argument.

2. Discussion

   A.   Daeschner's Individual Liability Under Section 1983

The state defendants' position is based upon well-established concepts of civil rights law. First, the state is not a "person" for the purposes of Section 1983. *Will v Michigan State Police,* 491 US 58 (1989). Accordingly, to hold an individual state worker accountable under the Civil Rights Act, there must be a showing of personal participation in the alleged violation. *Jones v Williams,* 297 F.3d 930 (9th Cir. 2002). There is no liability based upon *respondeat superior. Id.* A supervisor can be liable under Section 1983, but only upon a showing that the supervisor played an affirmative role in the constitutional violation. *Rise v State of Oregon,* 59 F.3d 1556 (9th Cir. 1995). The supervisor must set in motion a series of acts which the supervisor knew or should have known would cause others to inflict constitutional injury. *Graves v City of Coeur d' Lane,* 339 f.3d 828 (9th Cir. 2003). Involvement on a team where one member violates plaintiff's rights is insufficient to establish an individual team member's liability. *Chuman v Wright,* 76 F.3d 292 (9th Cir. 1996).

Page 2 -   STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT
            JSS/sm5/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Against this backdrop, plaintiff's Response argues there is evidence in the record from which Daeschner's individual liability is established. Summarized, the Response argues that Daeschner had much knowledge about plaintiff's condition, problems and limited skills, Daeschner was in authority at ODHS, Daeschner was part of the decision making whereby the agency placed plaintiff at Red Rock where bad things happened to plaintiff, therefore Daeschner is individually liable for discrimination against plaintiff. The argument's sound in negligence. The language of the Response amounts to an indictment of the state, but provides no link supporting individual liability for Daeschner. Examples: "Despite Defendant Daeschner's knowledge of plaintiff's needs, and the State's unequivocal obligation to meet those needs, when the State decided to place plaintiff at an out-of-state placement, the State knew Red Rock did not have adequate language services for plaintiff." p. 9. "Throughout plaintiff's time in the State's care, the language services the State did offer were limited predominantly to the use of Google Translate." p. 10. "By policy, the State is required to provide language assistance to a child in its custody for all services it administers, yet Google Translate does not meet that obligation." *Id.* No matter the quantity of issues of fact on plaintiff's negligence claim against the state, none of this information does anything to establish that Daeschner, with the requisite state of mind, is individually responsible under Section 1983 for discrimination against plaintiff.

The identity of the ODHS workers involved in making decisions concerning plaintiff's program has been well known since the beginning of the case. The workers have been deposed. During the three years in which discovery was open and the pleadings subject to amendment, it would have been a simple task to add the proper defendants. It is a mystery to defendants why plaintiff never did so.

Plaintiff vainly tries to argue supervisory liability is established. Absent from plaintiff's argument are any facts indicating that Daeschner knew or should have known that those acting

Page 3 -   STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR
             PARTIAL SUMMARY JUDGMENT
             JSS/sm5/

under her supervision possessed the requisite state of mind to discriminate against plaintiff as required to establish a violation of Section 1983. Under *Graves,* plaintiff must establish that Daeshner set in motion a series of acts she knew (or should have known) would result in constitutional injury. Evidence that Daeschner helped decide to send plaintiff to Red Rock and that ODHS FRCP 30(b)(6) designee Sara Fox knew Red Rock lacked much help with language services does not establish Daeschner's individual liability as a supervisor. There must be a series of acts which Daeschner initiated, and which Daeschner knew would result in discrimination against plaintiff. Statements of bad acts by the state and conclusions that Daeschner was responsible are not sufficient.

Summary judgment is plaintiff's opportunity to come forward with factual information that shows the acts of Daeschner discriminated against plaintiff. Negligence arguments do not feed the bulldog. Plaintiff sued the wrong worker and now must live with the decision not to amend to add the right workers.

### B.     Vulnerable Person Act

Plaintiff argues as if plaintiff's claim against the state is a garden variety allegation that the state "permitted" another to abuse a vulnerable person. It is not. For reasons unknown to the state, the allegation is that the state abused a vulnerable person by violating the criminal mistreatment statute.

Plaintiff asserts that the pleadings allege that Walsh and Guy committed criminal mistreatment, therefore the state is liable for that conduct under the doctrine of *respondeat superior*. Plaintiff's assertion is an inaccurate statement of the law. The doctrine of *respondeat superior* is a common law concept. At common law, the state has sovereign immunity. *See,* Oregon Constitution, Article IV, Section 24. The state is responsible for the acts of its workers only under the Oregon Tort Claims Act ("OTCA"). Under the OTCA, the state is responsible for

Page 4 -   STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT
JSS/sm5/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the acts of its workers only if the actions are taken within the course and scope of employment and are not willful misconduct. ORS 30.285(3). While there certainly may be issues of fact concerning whether Walsh and/or Guy committed criminal mistreatment, plaintiff can create an issue of fact against the state only by pointing to acts by workers within the course and scope of their employment that amount to criminal mistreatment and are not willful misconduct. Plaintiff has identified none.

The second issue raised by the state is an issue of statutory interpretation: whether the acts alleged in the Complaint amount to "unreasonable physical restraint" as that term is used in ORS 124.105(2). Plaintiff has offered no response concerning the interpretation of the statute, and the state defendants stand by the argument in their original brief.

### C. Evidence

The "Background" section of the state defendants' brief is not a statement of facts, which are included at pages 4 and 5.

The Declaration of Bennett is a summary authorized by FRE 1006, authentic pursuant to FRE 901(7), and excepted hearsay pursuant to FRE 803(8). Moreover, as the argument has evolved, the issues raised in the declaration are not particularly germane to the court's consideration of whether the Fourth and Sixth Claims raise an issue of fact against the state defendants.

//
//
//
//
//
//

Page 5 -   STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT
JSS/sm5/

### 3. Conclusion

There is no evidence sufficient to create an issue of fact against Daeschner on the Fourth claim. There is no issue of fact against the state on the VPA claim. The state defendants are entitled to partial summary judgment on these issues.

DATED August __5__, 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ James S. Smith*
JAMES S. SMITH #840932
Senior Assistant Attorney General
AARON D. KELLEY #210615
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
James.S.Smith@doj.oregon.gov
aaron.kelley@doj.oregon.gov
Of Attorneys for State of Oregon, Daeschner, and Pakseresht

Page 6 -   STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT
JSS/sm5/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000