IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **YANKO GRATREAK**,<br><br>        Plaintiff,<br><br>     v.<br><br>**THE STATE OF OREGON**, by and through its **DEPARTMENT OF HUMAN SERVICES**; **MARK WALSH**, an individual; **KATE GUY**, an individual; **STACEY DAESCHNER**, an individual; **DOES I, II, AND III**, as individuals; and **FARIBORZ PAKSERESHT**, in his official capacity as the Director of DHS,<br><br>        Defendants. | Case No. 3:19-cv-1870-AR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on July 30, 2025. ECF 93. Judge Armistead recommended that the Court grant Defendants State of Oregon and Stacey Daeschner's (hereinafter "State Defendants") Motion for Partial Summary Judgment as to one claim and deny that motion as to all other claims. Judge Armistead also recommended that the Court grant two unopposed motions to joind filed by Defendants Mark Walsh and Kate Guy. No party has filed objections.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge Armistead's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Armistead's Findings and Recommendation, ECF 93. The Court GRANTS State Defendants' Motion for Partial Summary Judgment with respect to Claim 5 and DENIES the motion with respect to Claims 4 and 6. (ECF 75.) The Court also

GRANTS Defendants Walsh and Guy's unopposed motions for joinder (ECF 79, 80), and thus grants partial summary judgment on Claim 5 in their favor.

**IT IS SO ORDERED.**

DATED this 8th day of September, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
